1

2

THE HONORABLE ROBERT S. LASNIK

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

4

5

6 | LENA ARMAS and ANDREA BLUM,
individually and on behalf of all others similarly
situated,

7

8 | Plaintiff,

No. 2:22-cv-01726-RSL

9 | v.

10 | REALPAGE, INC., GREYSTAR REAL
ESTATE PARTNERS, LLC, CH REAL

11 | ESTATE SERVICES, LLC, LINCOLN
PROPERTY CO., FPI MANAGEMENT, INC.,
MID-AMERICA APARTMENT

12 | COMMUNITIES, INC., AVENUE5
RESIDENTIAL, LLC, EQUITY

13 | RESIDENTIAL, ESSEX MANAGEMENT
CORPORATION, AVALONBAY

14 | COMMUNITIES, INC., CAMDEN PROPERTY
TRUST, ESSEX PROPERTY TRUST, INC.,

15 | THRIVE COMMUNITIES MANAGEMENT,
LLC, SECURITY PROPERTIES INC., B/T

16 | WASHINGTON, LLC d/b/a BLANTON
TURNER, INDEPENDENCE REALTY

17 | TRUST, INC., CUSHMAN & WAKEFIELD,
INC., BH MANAGEMENT SERVICES, LLC,

18 | and UDR, INC.,

19 | Defendants.

20

21

22

**STATUS REPORT**

23

Plaintiffs and Defendants[1] in the above-captioned action respectfully submit this status

24

report pursuant to the Court's orders of December 27, 2022, December 29, 2022, and January 9,

25

2023, which directed the parties to meet and confer and file a status report.  *See Armas v.*

26

---

27

[1] For purposes of this status report, "Defendants" are only a subset of the defendants named in the various actions,
and are limited to those that have signed this status report.  Notably, despite their effort to consolidate, Plaintiffs
have not served a single defendant in eight of the 13 cases they have filed.

1  *RealPage, Inc., et al.*, 2:22-cv-01726-RSL (W.D. Wash.), ECF Nos. 54, 56, 69.  Pursuant to the

2  Court's orders, Plaintiffs and Defendants met and conferred on January 13, 2023.

3

4  **Plaintiffs' Position.**  The Parties had previously filed stipulated motions in *Morgan* and

5  *Armas* requesting that the Court suspend Defendants' deadlines to respond to the complaint,

6  and instead file a status report on January 18, 2023.

7  Since then, Plaintiffs filed a motion on December 19, 2022 to consolidate the 11 related

8  cases then pending in the Western District of Washington.[2] *Navarro v. RealPage, Inc., et al.*,

9  No. 2:22-cv-01552-RSL (W.D. Wash.) ("*Navarro*") Dkt. 67. The Parties completed briefing on

10  Plaintiffs' consolidation motion on January 13, 2023.

11  On December 19, 2022, Plaintiffs filed motions for appointment of leadership in the

12  related cases. *Navarro* Dkt. 64; *Morgan, et al.  v. RealPage, Inc. et al.*, No. 2:22-cv-01712

13  ("*Morgan*") Dkt. 52. On January 10, 2023, the Court entered a minute order in the *Navarro*

14  case setting a case schedule that is tied to the Court's pending order on the motion to

15  consolidate. *Navarro* Dkt. 77. On January 13, 2023, the Court appointed Hagens Berman Sobol

16  Shapiro to serve as interim class counsel on behalf of the proposed nationwide class of student

17  renters. *Navarro* Dkt. 78. Plaintiffs' motion for appointment of leadership for the proposed

18  nationwide class of multifamily renters is fully briefed and pending. *Morgan* Dkt. 52, 85, 127.

19  Defendants filed a second petition with the Judicial Panel on Multidistrict Litigation

20  ("JPML") on January 4, 2023, to transfer all related cases to the Northern District of Texas,

21  where no case was filed. Responses to Defendants' petition are due on January 31, 2023. All

22  Plaintiffs that joined the consolidation motion will file a response to Defendants' petition, and

23  will ask the JPML to transfer all related cases to the Western District of Washington. The next

24  _____

25  [2] As noted in Plaintiffs' reply in support of consolidation, since the original motion, five additional plaintiffs have filed separate complaints in the Western District of Washington, four of whom support consolidation.  *Boelens v. RealPage, Inc., et al.*, No. 2:22-cv-01802 ("*Boelens*"); *Moore v. The Irvine Company, LLC, et al.*, No. 2:22-cv-

26  01826 ("*Moore*"); *Yusupov v. RealPage, Inc., et al.*, No. 2:23-cv-00013 ("*Yusupov*"); *Crook v. RealPage, Inc., et al.*, No. 2:23-cv-00054 ("*Crook*"); *Hardie et al v. RealPage, Inc. et al.*, No. 2:23-cv-00059 ("*Hardie*"). Plaintiff

27  Boelens opposes consolidation as premature—primarily on the basis that there are cases pending in other districts that would not be subject to the consolidation motion and thus consolidation would be partial.

JPML hearing at which the JPML petition may be heard is set for March 30, 2023.

The pending consolidation and leadership motions are ripe for resolution by the Court. Furthermore, developments since the filing of the leadership and consolidation motions illustrate that it would significantly aid the parties, the Court, and the JPML if the Court would grant the pending consolidation motion and appoint interim class counsel for the multifamily class proposed in the leadership motion.

First, there are significant scheduling efficiencies for the parties and the Court in granting the consolidation motion in light of the progress of the related cases. Granting the consolidation motion would ensure that the student and multifamily housing matters proceed on the same schedule for briefing and discovery. In the event of consolidation, Plaintiffs anticipate that the parties will coordinate on matters such as initial discovery and motion to dismiss briefing if the two matters are set for the same schedule.

Second, a decision on the motion would benefit the JPML. One factor the JPML will consider in determining the most appropriate jurisdiction for centralization is whether cases have advanced in a particular jurisdiction. *See*, *e.g.*, *In re Smith & Nephew BHR & R3 Hip Implant Prod. Liab. Litig.*, 249 F. Supp. 3d 1348, 1352 (U.S. Jud. Pan. Mult. Lit. 2017) (transferee district presiding over "one of the most procedurally-advanced actions"); *In re: AndroGel Prod. Liab. Litig.*, 24 F. Supp. 3d 1378, 1380 (U.S. Jud. Pan. Mult. Lit. 2014) (transferee court "has already taken initial steps to organize litigation"); *In re Pet Food Prod. Liab. Litig.*, 499 F. Supp. 2d 1346, 1347 (J.P.M.L. 2007) ("pretrial proceedings are advancing well" in transferee district); *In re Republic Nat'l-Realty Equities Sec. Litig.*, 382 F. Supp. 1403, 1406 (J.P.M.L. 1974) (cases in transferee district "proceeding expeditiously"). While this Court has already advanced the cases significantly, granting the pending consolidation and leadership motions would allow Plaintiffs and Defendants to move the matters in this District forward with efficiency and coordination. If and when the JPML decides to transfer the other cases to this District, those cases and plaintiffs would be folded in to the consolidated action without disrupting or delaying efficient and coordinated progress of this litigation.  Even if the JPML

STATUS REPORT
No. 2:22-cv-01726-RSL

transfers the cases to a different jurisdiction, the related actions pending in this District would be remanded back to this District for trial, following pretrial proceedings in the transferee court.

Third, if the Court grants the consolidation motion, the Plaintiffs in the consolidated cases would likely be able to file a single, consolidated complaint for the multifamily case before the JPML panel hears the pending motion to transfer on March 30, 2023. It would be beneficial for the JPML to review the scope and detail of an amended consolidated complaint, as it would further inform in which jurisdiction pretrial proceedings should occur.

Fourth, there are numerous, ongoing procedural and substantive issues that Plaintiffs anticipate the parties having to navigate over the next several months before the JPML will have a chance to address Defendants' petition. These include matters such as the issuance of evidence preservation letters, the potential commencement of certain discovery tasks, including negotiating standing protective orders for confidential documents, negotiating protocols for the production of electronically stored information, and serving requests for production and negotiating the scope of document productions, and commencing initial discovery negotiations with the defendant in the *Armas* complaint that filed an answer to the Plaintiffs' complaint. Plaintiffs think that appointment of leadership would be greatly beneficial in ensuring that these tasks are promptly performed on behalf of a nationwide class of Plaintiffs. Furthermore, those tasks must be done regardless of where the cases may ultimately go, and so there is no reason to delay. It would be inefficient for the parties to defer those tasks until the JPML hears Defendants' petition at the end of March, and potentially prejudicial to Plaintiffs' claims, in the event that relevant evidence is lost or destroyed because preservations efforts were delayed. Further, regardless of preservation efforts, witness memories are lost or fade with the passage of time.  Unnecessary delay is prejudicial.

Fifth, counsel for other plaintiffs have now had multiple opportunities to be heard on the pending motions. Indeed, the same counsel for certain plaintiff cases pending in other jurisdictions that had previously filed a response to the leadership motion have now filed a motion to intervene in order to oppose leadership and consolidation, *Navarro* Dkt. 80. Plaintiffs

will respond expeditiously to that motion. The motion to intervene merely repeats the same meritless arguments the same counsel made in their prior response to the leadership and consolidation motions. As the Court previously recognized, the motions for consolidation and leadership are "currently before the Court" through motions that followed the briefing schedules set by the local rules. *Navarro*, Dkt. 78. The exact same set of counsel were on notice of the motion—and indeed filed a response—but chose not to oppose the motions at that time.[3] On this second go-around, these counsel *still* make no substantive arguments on leadership in their motion.[4] They propose no alternative leadership structure of their own, provide no evidence of their own qualifications, and make no attempt to dispute any of the substantive arguments that Plaintiffs have set forth in support of their proposed leadership structure. Plaintiffs have filed a leadership motion and litigated it on the merits. Counsel for other sets of plaintiffs have now had multiple chances to state their position, but declined to do so. The leadership and consolidation motions remain before the Court and are ripe for resolution.

Therefore, Plaintiffs respectfully submit that the Court should grant the pending consolidation motion and appoint leadership for the nationwide class of multifamily renters, so that the cases may proceed efficiently on the same schedule. *Navarro*, Dkt. 77.

**Defendants' Position.**    The above-captioned action is one of 28 related actions (collectively, the "Related Actions"), including 16 pending in this District and 12 actions pending in other districts, including the Western District of Texas, the District of Massachusetts, the District of Colorado, the District of Columbia, the Middle District of Tennessee, the District of

---

[3] The exact same set of four law firms signed both the response to the leadership motion and the motion to intervene. *See Navarro* Dkt. 70, 80.

[4] The motion to intervene also largely mirrors Defendants' arguments against consolidation, and has already been addressed by Plaintiffs' reply in support of consolidation. *Navarro* Dkt. 79.

Arizona, and the Southern District of Florida.[5]  Although several Related Actions, including the above-captioned action, were initially filed outside the Western District of Washington before being voluntarily dismissed and refiled in this District, it is apparent that most of the 12 Related Actions pending outside the Western District of Washington will not be voluntarily dismissed and refiled in this District.  As Plaintiffs admitted, counsel in those 12 Related Actions have "rejected efforts to coordinate" with Plaintiffs.  *Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01712 (W.D. Wash.), ECF No. 127 at 4.  Accordingly, on January 4, 2023, defendants named in the Related Actions, including many Defendants, filed a motion under 28 U.S.C. § 1407 before the U.S. Judicial Panel on Multidistrict Litigation (the "JPML") to centralize the Related Actions in the Northern District of Texas.  *See In re: RealPage, Inc., Rental Software Antitrust Litig.*, MDL No. 3071, ECF No. 1.  Defendants believe that judicial and party efficiency is best served by allowing the JPML to first determine the district in which all 28 Related Actions will be consolidated before there is any further activity in the Related Actions.  Counsel in the Related Actions outside the Western District of Washington agree.  *See Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.), ECF No. 30 at 2 ("[T]he Judicial Panel on Multidistrict Litigation is best suited to determine the appropriate transferee venue," which "will be best placed to determine how best to account for the significant regional issues at play across the

---

[5] The 28 Related Actions are:  (1) *Navarro v. RealPage, Inc., et al.*, No. 2:22-cv-01552-RSL (W.D. Wash.); (2) *Alvarez et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01617-RSL (W.D. Wash.); (3) *Cherry et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01618 (W.D. Wash.); (4) *Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01712 (W.D. Wash.); (5) *Armas et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01726 (W.D. Wash.); (6) *Johnson v. RealPage, Inc. et al.*, No. 2:22-cv-01734 (W.D. Wash.); (7) *Silverman et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01740 (W.D. Wash.); (8) *Bohn et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01743 (W.D. Wash.); (9) *Pham et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01744 (W.D. Wash.); (10) *Weaver v. RealPage, Inc. et al.*, No. 1:22-cv-03224 (D. Colo.); (11) *Godfrey v. RealPage, Inc. et al.*, No. 2:22-cv-01759 (W.D. Wash.); (12) *Zhovmiruk v. RealPage, Inc. et al.*, No. 2:22-cv-01779 (W.D. Wash.); (13) *White v. RealPage, Inc. et al.*, No. 1:22-cv-12134 (D. Mass.); (14) *Vincin et al. v. RealPage, Inc. et al.*, No. 1:22-cv-01329 (W.D. Tex.); (15) *Carter v. RealPage, Inc. et al.*, No. 1:22-cv-1332 (W.D. Tex.); (16) *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.); (17) *Moore v. The Irvine Company, LLC et al.*, No. 2:22-cv-01826 (W.D. Wash.); (18) *Kramer v. RealPage, Inc. et al.*, No. 1:22-cv-03835 (D.D.C.); (19) *Precht v. RealPage, Inc. et al.*, No. 1:22-cv-12230 (D. Mass.); (20) *Watters v. RealPage, Inc. et al.*, No. 3:22-cv-01082 (M.D. Tenn.); (21) *Mackie v. RealPage, Inc. et al.*, No. 1:23-cv-00011 (D. Colo.); (22) *Yusupov v. RealPage, Inc. et al.*, No. 2:23-cv-00013 (W.D. Wash.); (23) *Bertlshofer v. RealPage, Inc. et al.*, No. 2:23-cv-00018 (D. Ariz.); (24) *Enders v. RealPage, Inc. et al.*, No. 2:23-cv-00055 (D. Colo.); (25) *Hardie et al. v. RealPage, Inc. et al.*, No. 2:23-cv-00059 (W.D. Wash.); (26) *Crook v. RealPage, Inc. et al.*, No. 2:23-cv-00054 (W.D. Wash.); (27) *Parker et al. v. RealPage, Inc. et al.*, No. 1:23-cv-20160 (S.D. Fla.); and (28) *Corradino et al. v. RealPage, Inc. et al.*, No. 1:23-cv-20165 (S.D. Fla.).

STATUS REPORT
No. 2:22-cv-01726-RSL

different related cases.").  For its part, the JPML set a briefing schedule that calls for the motion to be fully briefed by February 7, 2023.  *See In re: RealPage, Inc., Rental Software Antitrust Litig.*, MDL No. 3071, ECF No. 4.

Consolidating 11 Related Actions when the JPML will determine in the near future whether and where all 28 Related Actions should be consolidated would be inefficient and, at best, premature.  It would be highly inefficient to proceed piecemeal in a subset of the Related Actions when the JPML will decide where all of them will proceed.  Plaintiffs' effort to consolidate 11 Related Actions is particularly inefficient given that Plaintiffs' motion necessarily does not reach the many defendants who remain unserved; as noted, six of the 11 cases remain completely unserved.  This is not a mere technicality because there are multiple defendants who have not been served in *any* of the cases that Plaintiffs seek to consolidate and, therefore, have no notice of these proceedings, let alone the consolidation motion.  Given these procedural dynamics, Plaintiffs' consolidation motion seeks to put the cart before the horse and is, at best, premature.  This is particularly true because Plaintiffs are urging that, if consolidation occurs, the briefing and discovery schedule in *Navarro* should apply to all of the consolidated cases, even though a consolidated proceeding would involve many more plaintiffs and defendants, and a number of additional potential alleged geographic markets.  Defendants respectfully refer the Court to their brief in opposition to Plaintiffs' motion for why else Plaintiffs' motion is premature.  *See Navarro v. RealPage, Inc. et al.*, No. 2:22-cv-01552 (W.D. Wash.), ECF No. 76 (Plaintiffs' proposed consolidation will create inefficiencies that include the risk that the Court may need to unwind or revise its ruling on Plaintiffs' consolidation motion depending on how the JPML rules on Defendants' § 1407 motion); *see also Van Horn v. Korean Air Lines Co., Ltd.*, 2007 WL 9775632, at *1 (W.D. Wash. Oct. 31, 2007) (Robart, J.) (striking motion to consolidate cases and granting motion to stay pending resolution of section 1407 motion where "cases were filed less than 90 days ago"); *Nue LLC v. Oregon Mutual Ins. Co.*, 2020 WL 7016052, at *2 (W.D. Wash. July 1, 2020) (Lasnik, J.) (holding that "principles of judicial economy weigh in favor of granting a stay" pending resolution of section 1407 motion); *Short v. Hyundai Motor*

*Am. Inc.*, 2019 WL 3067251, at *3 (W.D. Wash. July 12, 2019) (Robart,J.) (staying case pending resolution of section 1407 motion because "requiring parties to comply with their Rule 26(f) and initial disclosures obligations before the JPML decision would be prejudicial" (internal quotation mark omitted)).

Similarly, to the extent the Court entered a case schedule in *Navarro v. RealPage, Inc. et al.*, 2:22-cv-01552 (W.D. Wash.), on the perception that *Navarro* is different because it concerns a putative class of student housing lessees (versus all residential multifamily housing), Defendants respectfully submit that pre-trial proceedings in *Navarro* will overlap with the other 27 Related Actions.  As Plaintiffs themselves concede, "there will likely be legal questions and certain factual issues that overlap between *Navarro* and the *Alvarez*, *Cherry*, and *Morgan* actions."  *Navarro v. RealPage, Inc. et al.*, 2:22-cv-01552 (W.D. Wash.), ECF No. 2 at 3.  There are accordingly judicial and party efficiencies gained from *Navarro* proceeding collectively with the other Related Actions once the JPML makes its decision.

Plaintiffs make a number of efficiency-related arguments as though the Related Actions in Washington are proceeding in a vacuum.  As noted above, the many actions pending in other jurisdictions would not be affected by the consolidation motion currently before the Court nor would they be subject to any schedule or discovery obligations ordered by the Court.  Defendants, who must contend with these cases outside of the District, thus obtain no efficiency benefits because they will remain subject to potentially differing obligations and schedules in these other jurisdictions until the JPML rules.  In fact, all of Plaintiffs' efficiency arguments best apply to ***all parties***—not just the Plaintiffs before the Court but also other plaintiffs and Defendants—if the Court were to wait for the JPML to make its decision so there is a single schedule, a single protective order, a single set of discovery obligations, etc.[6]  Relatedly, Plaintiffs argue that it is important for the multifamily cases to proceed on the same track as *Navarro* but there can be no disputing that the most efficient way to ensure this result is to wait for the JPML's

---

[6] Plaintiffs' claim that document preservation issues will be more efficient if the Court grants their consolidation motion does not follow—Defendants are aware of their preservation obligations, are complying with them, and consolidation has no impact on them.

1    determination—any other course risks wasted time and resources.[7]

2         Plaintiffs also claim that the JPML would benefit from seeing a "consolidated complaint

3    led by Plaintiff counsel who were the first to file the cases, and have done significant investigative

4    work in developing the claims."  But the parties already have acknowledged that the complaints

5    in the various Related Actions involve overlapping claims, factual allegations, and parties; in this

6    context, Plaintiffs do not explain how the JPML would benefit from seeing a consolidated

7    complaint derived from only a subset of the pleadings that ignores the specific allegations in

8    nearly a dozen cases.[8]  Furthermore, there is nothing stopping Plaintiffs from submitting such a

9    pleading or making whatever arguments they wish about their "investigative work" to the JPML.

10   The Court does not need to grant Plaintiffs' consolidation motion for them to do any of this.

11        In sum, Plaintiffs identify no reason why this Court should rush to rule now, instead of

12   deferring until the JPML has time to do its work.  By contrast, waiting until the JPML issues an

13   order will generate significant efficiencies.  Thus, Defendants respectfully request that the Court

14   preserve the existing suspension of the deadline for Defendants to respond to the Complaint in

15   all of the actions before it, and direct the parties to file a status report ten days after the JPML

16   rules on the pending Section 1407 motion.

17

18

19

20

21

22

23   [7] Plaintiffs also note that one defendant—B/T Washington, LLC—filed an answer in one Related Action.  *See Armas et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01726 (W.D. Wash.), ECF No. 65.  B/T Washington, LLC, a local family-
24   owned property manager, which was unaware of being a defendant in any other Related Action, filed its answer before it was aware that multiple Related Actions were pending in this and other districts, or that a consolidation
25   motion had been filed with the JPML.  B/T Washington, LLC agrees with Defendants that *Armas* and all other Related Actions should proceed on the same schedule, after the JPML rules.  Indeed, it would make little sense—and be highly inefficient—for *Armas* to move forward for only one Defendant.
26   [8] Nor do Plaintiffs articulate how a consolidated complaint that covers only a subset of cases achieves any efficiencies when a new consolidated complaint will need to be drafted and filed when all of the cases are
27   consolidated together.  Again, Plaintiffs act as if theirs are the only cases with which Defendants must contend.

STATUS REPORT
No. 2:22-cv-01726-RSL

/s/ Steve W. Berman
Steve W. Berman (WSB No. 12536)
steve@hbsslaw.com
Breanna Van Engelen (WSB No. 49213)
breannav@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

/s/ Brittany S. Scott
Brittany S. Scott (*pro hac vice*)
bscott@bursor.com
BURSOR & FISHER PA
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: 925-300-4455

*Counsel for Plaintiffs Lena Armas and*
*Andrea Blum Individually and on Behalf of*
*All Others Similarly Situated*

/s/ Carl W. Hittinger
Carl W. Hittinger (*pro hac vice*)
chittinger@bakerlaw.com
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 564-2898

Curt Roy Hineline (WSBA No. 16317)
chineline@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1380

*Counsel for Defendant Equity Residential*

s/ Benjamin I. VandenBerghe
Benjamin I. VandenBerghe (WSBA No.
35477)
biv@montgomerypurdue.com
Kaya R. Lurie (WSBA No. 51419)
klurie@montgomerypurdue.com
MONTGOMERY PURDUE PLLC
701 Fifth Avenue, Suite 5500

/s/ Heidi Bradley
Heidi Bradley (WSBA No. 35759)
hbradley@bradleybernsteinllp.com
BRADLEY BERNSTEIN SANDS LLP
113 Cherry Street, PMB 62056
Seattle, Washington 98104
Telephone: (206) 337-6551

/s/ Jay Srinivasan
Jay Srinivasan (*pro hac vice*)
jsrinivasan@gibsondunn.com
Daniel G. Swanson (*pro hac vice*)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7430

Stephen Weissman (*pro hac vice*)
sweissman@gibsondunn.com
Michael J. Perry (*pro hac vice*)
mjperry@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 955-8678

Ben A. Sherwood (*pro hac vice*)
bsherwood@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2671

*Counsel for Defendant RealPage, Inc.*

/s/ Lynn H. Murray
Lynn H. Murray (*pro hac vice*)
lhmurray@shb.com
SHOOK HARDY & BACON L.L.P.
111 S. Wacker Dr., Suite 4700
Chicago, IL 60606
Telephone: (312) 704-7766

Ryan Sandrock (*pro hac vice*)
rsandrock@shb.com
SHOOK HARDY & BACON L.L.P.

Seattle, Washington 98104-7096

*Counsel for Defendant Thrive Communities Management, LLC*

/s/ Maren R. Norton
Maren R. Norton (WSBA No. 35435)
maren.norton@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone:  (206) 624-0900

Charles H. Samel (*pro hac vice* forthcoming)
charles.samel@stoel.com
Edward C. Duckers (*pro hac vice* forthcoming)
ed.duckers@stoel.com
STOEL RIVES LLP
1 Montgomery Street, Suite 3230
San Francisco, CA  94104
Telephone: (415) 617-8900

/s/ George A. Guthrie
George A. Guthrie (*pro hac vice* forthcoming)
gguthrie@wilkefleury.com
WILKE FLEURY LLP
621 Capitol Mall, Suite 900
Sacramento, CA  95814
Telephone: (916) 441-2430

*Counsel for Defendant FPI Management, Inc.*

/s/ James Kress
James Kress (*pro hac vice* forthcoming)
james.kress@bakerbotts.com
Paul Cuomo (*pro hac vice* forthcoming)
paul.cuomo@bakerbotts.com
BAKER BOTTS LLP
700 K. Street, NW
Washington, DC 20001
Telephone: (202) 639-7884

Danny David (*pro hac vice* forthcoming)
danny.david@bakerbotts.com

555 Mission Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 544-1944

Laurie A. Novion (*pro hac vice*)
lnovion@shb.com
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 559-2352

Hunter K. Ahern (WSBA No. 54489)
hahern@shb.com
SHOOK HARDY & BACON L.L.P.
701 5th Avenue, Suite 6800
Seattle, WA 98104
Telephone: (206) 344-7600

*Counsel for Defendant Camden Property Trust*

/s/ J. Dino Vasquez
J. Dino Vasquez (WSBA No. 25533)
dvasquez@karrtuttle.com
KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, WA 98104-7055
Telephone: 206-224-8023

*Counsel for Defendant Security Properties Inc.*

STATUS REPORT
No. 2:22-cv-01726-RSL

BAKER BOTTS LLP
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-4055

/s/ Rebecca S. Ashbaugh
Rebecca S. Ashbaugh (WSBA No. 38186)
bashbaugh@ashbaughbeal.com
ASHBAUGH BEAL LLP
701 5th Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 386-5900

*Counsel for Defendant Avenue5 Residential, LLC*

**National Counsel Participating in Meet and Confer:**

/s/ Michael M. Maddigan
Michael M. Maddigan (*pro hac vice* forthcoming)
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

William L. Monts, III (*pro hac vice* forthcoming)
william.monts@hoganlovells.com
Benjamin F. Holt (*pro hac vice* forthcoming)
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

*Counsel for Defendant Greystar Real Estate Partners, LLC*

/s/ Jeremy J. Calsyn
Jeremy J. Calsyn (*pro hac vice* forthcoming)
jcalsyn@cgsh.com
Leah Brannon (*pro hac vice* forthcoming)
lbrannon@cgsh.com
Kenneth Reinker (*pro hac vice* forthcoming)
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay (*pro hac vice* forthcoming)
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendant Cushman & Wakefield, Inc.*

1

*/s/ Gregory J. Casas*

Gregory J. Casas (*pro hac vice* forthcoming)

2

casasg@gtlaw.com

GREENBERG TRAURIG, LLP

3

300 West 6th Street, Suite 2050

Austin, TX 78701-4052

4

Telephone: (512) 320-7200

5

Robert J. Herrington (*pro hac vice*

6

forthcoming)

herringtonr@gtlaw.com

7

GREENBERG TRAURIG, LLP

1840 Century Park East, Suite 1900

8

Los Angeles, CA 90067

Telephone: (310) 586-7700

9

10

Becky L. Caruso (*pro hac vice* forthcoming)

carusob@gtlaw.com

11

GREENBERG TRAURIG, LLP

500 Campus Drive, Suite 400

12

Florham Park, NJ 07932

Telephone: (609) 442-1196

13

14

*Counsel for Defendant Lincoln Property Co.*

15

*/s/ Stephen McIntyre*

Stephen McIntyre (*pro hac vice* forthcoming)

16

smcintyre@omm.com

O'MELVENY & MYERS LLP

17

400 South Hope Street, 18th Floor

Los Angeles, CA 90071

18

Telephone: (213) 430-8382

19

Ian Simmons (*pro hac vice* forthcoming)

20

isimmons@omm.com

O'MELVENY & MYERS LLP

21

1625 Eye Street, NW

Washington, DC 29996

22

Telephone: (202) 383-5106

23

*Counsel for Defendant BH Management*

24

*Services, LLC*

25

*/s/ Leo D. Caseria*

26

Leo D. Caseria (*pro hac vice* forthcoming)

lcaseria@sheppardmullin.com

27

SHEPPARD MULLIN RICHTER & HAMPTON LLP

*/s/ Britt M. Miller*

Britt M. Miller (*pro hac vice* forthcoming)

bmiller@mayerbrown.com

Daniel T. Fenske (*pro hac vice* forthcoming)

dfenske@mayerbrown.com

MAYER BROWN LLP

71 South Wacker Drive

Chicago, IL 6006

Telephone: (312) 701-8663

*Counsel for Defendant Mid-America*

*Apartment Communities, Inc.*

*/s/ Belinda S Lee*

Belinda S Lee (*pro hac vice* forthcoming)

belinda.lee@lw.com

LATHAM & WATKINS LLP

505 Montgomery Street, Suite 2000

San Francisco, CA 94111

Telephone: (415) 395-8851

E. Marcellus Williamson (*pro hac vice*

forthcoming)

marc.williamson@lw.com

LATHAM & WATKINS LLP

555 Eleventh Street, NW, Suite 1000

Washington, DC 20004

Telephone: (202) 637-2203

*Counsel for Defendant AvalonBay*

*Communities, Inc.*

*/s/ Barbara T. Sicalides*

Barbara T. Sicalides (*pro hac vice*

forthcoming)

barbara.sicalides@troutman.com

TROUTMAN PEPPER HAMILTON SANDERS LLP

3000 Two Logan Square

Philadelphia, PA 19103

Telephone: (215) 981-4783

Kasia Hebda (*pro hac vice* forthcoming)

kasia.hebda@troutman.com

TROUTMAN PEPPER HAMILTON SANDERS LLP

600 Peachtree Street, N.E.

Suite 3000

Atlanta, GA 30308

2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC, 20006
Telephone: (202) 747-1925

*Counsel for Defendants Essex Management*
*Corporation and Essex Property Trust, Inc.*

/s/ David D. Cross
David D. Cross (*pro hac vice* forthcoming)
dcross@mofo.com
Jeffrey A. Jaeckel (*pro hac vice* forthcoming)
jjaeckel@mofo.com
Robert W. Manoso (*pro hac vice*
forthcoming)
rmanoso@mofo.com
Sonja Swanbeck (*pro hac vice* forthcoming)
sswanbeck@mofo.com
MORRISON & FOERSTER LLP
2100 L St, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500

*Counsel for Defendant UDR, Inc.*

Telephone: (404) 885-3665

*Counsel for Defendant Independence Realty*
*Trust, Inc.*

STATUS REPORT
No. 2:22-cv-01726-RSL

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to those attorneys of record registered on the CM/ECF system.

DATED this 18th day of January, 2023.

/s/ *Heidi B. Bradley*

Heidi B. Bradley

STATUS REPORT
No. 2:22-cv-01726-RSL